

**U.S. Department of Justice**
*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 1, 2023

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

   Re: *United States v. Peter Khaimov*, 22 Cr. 20 (PGG)

Dear Judge Gardephe:

  The Government writes in connection with the *Curcio* hearing scheduled for August 3, 2023 for defendant Peter Khaimov. By way of background, in 2021, the Government served a grand jury subpoena on Marcelo Quiroga for documents related to the Government's investigation. Mr. Quiroga retained James Frocarro, Esq., to represent him in connection with the subpoena. Thereafter, in January 2022, a grand jury issued an indictment charging Mr. Quiroga, Mr. Khaimov, and others with, among other things, conspiracy to commit healthcare fraud. The day that the defendants were arrested, Mr. Frocarro ceased his representation of Mr. Quiroga, and Mr. Frocarro was retained by Mr. Khaimov.

  Mr. Quiroga subsequently decided to cooperate and pleaded guilty pursuant to a cooperation agreement. The Government anticipates that Mr. Quiroga will testify at trial about his interactions with codefendants Alexander Gulkarov and Roman Israilov. Mr. Quiroga did not interact with Mr. Khaimov. Instead, Mr. Quiroga will testify that he has seen Mr. Khaimov with Gulkarov and Israilov but does not know any additional information about Mr. Khaimov.

  As a result of Mr. Frocarro's prior representation of Mr. Quiroga, and the potential conflict of interest it presents, the Government respectfully requests that the Court schedule a hearing pursuant to *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), both to advise the defendant of his right to a counsel with no such potential conflict and to confirm on the record that the defendant is prepared to go forward with his current representation. This application is made with the consent of the defendant.

  In addition, the Government respectfully submits this letter to provide the Court with a proposed set of questions for the *Curcio* hearing.

  The Second Circuit has set forth the following requirements for a *Curcio* hearing:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of

interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*United States v. Perez*, 325 F.3d 115, 119 (2d Cir. 2003).

The Government's proposed set of questions is enclosed as Attachment A.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:   \_/s/_____
Mathew Andrews
Timothy Capozzi
Ryan Allison
Assistant United States Attorneys

DAMIAN WILLIAMS
United States Attorney
Southern District of New York

cc:   Counsel of record (via ECF)
      *Enclosure*

Attachment A

The Government's Proposed *Curcio* Hearing Questions

   The Government respectfully requests the Court to include the following questions in its examination of Peter Khaimov, the defendant, pursuant to the procedures outlined in *United States* v. *Curcio*, 680 F.2d 881 (2d Cir. 1982). In addition, the Government respectfully requests that the Court address Mr. Khaimov personally, seeks to elicit narrative answers from Mr. Khaimov, and gives Mr. Khaimov an opportunity to consider the Court's advice and review it with independent counsel prior to accepting a waiver.

Introductory Questions

1. How old are you?

2. How far did you go in school?

3. Do you currently consult a doctor or mental health professional for any condition?

4. Are you currently under the influence of alcohol, drugs, medication, or pills of any kind?

5. Do you understand what is happening today?

6. Are you feeling well enough to proceed with this hearing today?

Circumstances of Representation

7. Are you currently represented by James Froccaro, Esq.?

8. Is Mr. Frocarro retained or appointed counsel?

9. Do you know that Mr. Frocarro represented Marcelo Quiroga prior to charges being filed against you in this matter in January 2022?

10. Do you understand that after Mr. Frocarro ceased representing Mr. Quiroga in January 2022, Mr. Quiroga later became a cooperating witness with the United States Attorney's Office for the Southern District of New York in this matter?

11. Do you understand that even though Mr. Frocarro's representation of Mr. Quiroga has ended, and Mr. Frocarro now represents you, Mr. Frocarro still has an attorney-client relationship with Mr. Quiroga that prevents Mr. Frocarro from disclosing the contents of his attorney-client communications with Mr. Quiroga?

12. Do you understand that the United States Attorney's Office with the Southern District of New York intends to call Marcelo Quiroga to testify at your trial?

13. Because Mr. Frocarro previously represented Mr. Quiroga, I wish to advise you of certain matters. You should understand that under the United States Constitution and the laws of this country, you are entitled to the aid and assistance of counsel at all times in these proceedings. You are entitled to counsel of your own choice unless there is a strong legal reason for disqualifying that counsel. If you cannot afford an attorney, an attorney will be appointed to represent you without cost to you. Do you understand?

14. It is essential to the idea of an adequate defense in a criminal proceeding that your attorney have no conflicts or adverse interests of any kind. That is to say, he or she cannot, unless it is with your knowledge and consent, have any conflicting interest in the case. You have the right to the assistance of a lawyer whose loyalty to you is undivided and not subject to any factor that might intrude upon that loyalty. The purpose of this law is to ensure that you have the full devoted defense furnished to you by an attorney who has no other possible interest of any kind in this matter. Do you understand that?

15. This Court—having presided as the judge in many criminal cases in this courthouse—believes that representation where there is a potential conflict of interest may be ill-advised. Do you understand that?

16. Do you understand that the attorney client relationship between Mr. Frocarro and Mr. Quiroga creates the potential that Mr. Frocarro may have allegiances to interests that may be adverse to your own interests?

17. Do you understand that Mr. Frocarro may not be as zealous or as earnest in his representation of you as he might otherwise be if he did not have such other interests? For example, he may seek to curry favor with Mr. Quiroga, rather than pursue your best interests. Do you understand that possibility?

18. Do you understand that, by deciding to proceed with Mr. Frocarro, you are waiving any argument that Mr. Frocarro was ineffective or deficient in his representation of you, because Mr. Frocarro suffered from a conflict of interest by virtue of his prior representation of Mr. Quiroga?

Discussions With Counsel Re: Potential Conflict

19. Have you discussed these conflict-of-interest matters with Mr. Frocarro?

20. Are you satisfied with Mr. Frocarro's representation of you?

Defendant's Narrative of Potential Conflict

21. I want you to please describe for me, in your own words, your understanding of the conflict of interest that potentially arises from Mr. Frocarro's representation of you due to his prior representation of Mr. Quiroga?

22. Do you understand that this potential conflict of interest has existed since the time that you first retained Mr. Frocarro to represent you in this matter?

<u>Opportunity to Seek Advice of Other Counsel</u>

23. Do you understand that you have a right to consult with an independent lawyer other than Mr. Frocarro in order to discuss these issues and determine whether you wish Mr. Frocarro to represent you?

24. Do you understand that the Court will give you an opportunity to do so and that the Court encourages you to do so?

25. Do you understand that if you cannot afford other counsel, the Court will appoint counsel to consult with you regarding these conflict-of-interest matters?  Such an attorney will not be connected with Mr. Frocarro.  Anything you tell that attorney will be a secret between you and the attorney.  The attorney cannot tell Mr. Frocarro, the Court, or the Government's attorneys about your discussions with him or her.  Do you understand that?

<u>Questions to the Defense Attorney</u>

26. Mr. Frocarro, have you discussed the potential conflict of interest with Mr. Khaimov?

27. And do you feel that he understands the possible risks of being represented by a lawyer with a potential conflict of interest?

28. Mr. Frocarro, is there anything else you would like the Court to state or inquire about in this regard?

29. If you wish, Mr. Khaimov, I will give you time to consult with another attorney about these conflict-of-interest matters.  You should think about the issues that I have told you about.  You may also talk them over with Mr. Frocarro.  After you've thought it all over, I will ask you whether you have considered the matters I have talked about, whether you want Mr. Frocarro to continue to represent you, and whether you want to waive your right to counsel who is not laboring under any potential conflicts of interest.  I will also ask you whether you are willing to waive your rights to argue, on appeal or otherwise, that you were denied effective assistance of counsel because of Mr. Frocarro's prior representation of Mr. Quiroga.

30. Is there anything that the Court has said that you wish to have explained further?  Is anything unclear?

31. Would you like the opportunity to consult with another attorney?  [If so, adjourn for such opportunity, and continue with the questions immediately following, upon reconvening.]

<u>Second Proceeding if Requested and/or Concluding Questions</u>

32. Have you had enough time to consider the conflict-of-interest issues and discuss them with your attorney?  [If applicable: Have you had a sufficient opportunity to consult with an independent attorney about these matters?]

33. Do you wish to proceed with Mr. Frocarro as your attorney in this case?

34. Are you knowingly and voluntarily waiving your right to conflict-free representation?

35. Have you received any inducements or promises with regard to your choice of counsel in this case?

36. Have you been threatened or coerced in any way concerning your decision on this issue?

37. Do you agree to waive any and all future arguments, on appeal or otherwise, that you were denied effective assistance of counsel or were otherwise prejudiced in any way because Mr. Frocarro previously represented Mr. Quiroga?