

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

―――――――――――――――――――――――――――――――――――――――――

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 17, 2023

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   ***United States v. Roman Israilov, et al.*, 22 Cr. 20 (PGG)**

Dear Judge Gardephe:

The Government writes in connection with the October 25, 2023, *Curcio* hearing for defendant Roman Israilov.

### Background

On October 3, 2023, the Court ordered each of the defendants to file a letter stating whether any person other than the defendant was paying defense counsel's attorneys' fees. Dkt. 296; *see* Rule 2(B), Individual Practices of Judge Paul G. Gardephe – Criminal Cases (Oct. 3, 2013). On October 6, 2023, Israilov's counsel filed a letter stating that "Mr. Israilov's legal fees have been paid, at least in part, by funds raised from third-party benefactors within his community." Dkt. 311. On October 17, 2023, Israilov's counsel filed a letter under seal that disclosed the names of those third-party benefactors. *See* Dkt. 331 (describing sealed letter). On October 20, 2023, the Court scheduled the upcoming *Curcio* hearing for Israilov and ordered him to file the October 17, 2023, letter on the public docket by October 24, 2023. Dkt. 331.

The Government now respectfully submits this letter to provide the Court with a proposed set of questions for the *Curcio* hearing.

### Discussion

The Sixth Amendment guarantees a criminal defendant the right to the effective assistance of counsel, which includes "the right to representation by conflict-free counsel." *United States v. Schwarz*, 283 F.3d 76, 90 (2d Cir. 2002). A potential conflict exists where the interests of a defendant and attorney may diverge, but the attorney's performance has not yet been affected. *See Mickens v. Taylor*, 535 U.S. 162, 171-72 (2002).

Under *United States v. Curcio*, 680 F.2d 881 (2d Cir. 1982), once a court is alerted to a possible conflict of interest, the court has an initial "inquiry obligation" to determine the character of the possible conflict. *Armienti v. United States*, 234 F.3d 820, 823 (2d Cir. 2000). If

the court determines that the conflict between the defendant and his lawyer is so severe that "no rational defendant would knowingly and intentionally desire the conflicted lawyer's representation – the court is obliged to disqualify the attorney." *United States v. Levy*, 25 F.3d 146, 153 (2d Cir. 1994). Otherwise, a court must advise the defendant of the dangers of the conflict, determine whether the defendant understands the risks presented and freely chooses to waive them, and afford the defendant ample opportunity to consult with independent counsel and to evaluate the situation before deciding how to proceed. *United States v. Iorizzo*, 786 F.2d 52, 59 (2d Cir. 1986); *Curcio*, 680 F.2d at 888-90. "Where the right to counsel of choice conflicts with the right to an attorney of undivided loyalty, the choice as to which right is to take precedence must generally be left to the defendant and not be dictated by the government." *United States v. Perez*, 325 F.3d 115, 125 (2d Cir. 2003).

The Second Circuit has set forth the following requirements for a *Curcio* hearing:

> At such a hearing, the trial court (1) advises the defendant of his right to representation by an attorney who has no conflict of interest, (2) instructs the defendant as to the dangers arising from particular conflicts, (3) permits the defendant to confer with his chosen counsel, (4) encourages the defendant to seek advice from independent counsel, (5) allows a reasonable time for the defendant to make a decision, and (6) determines, preferably by means of questions that are likely to be answered in narrative form, whether the defendant understands the risk of representation by his present counsel and freely chooses to run them.

*United States v. Perez*, 325 F.3d 115, 119 (2d Cir. 2003).

In the case of a potential conflict, before accepting a defendant's waiver, "the court must advise the defendant of the dangers arising from the conflict, encourage the defendant to seek advice from independent counsel, and then determine whether the defendant understands the dangers of proceeding with conflicted counsel and knowingly and intelligently chooses to continue with the representation in spite of the conflict." *United States v. Stein*, 410 F. Supp. 2d 316, 324 (S.D.N.Y. 2006) (citing *United States v. Curcio*, 680 F.2d 881, 888-89 (2d Cir. 1982)).

Accordingly, as reflected in Exhibit A, the Government respectfully requests that the Court "investigate the facts and details of the attorney's interests," *Levy*, 25 F.3d at 153, by asking Mr. Mazurek and Mr. Ser about who is paying them or has paid them to represent Israilov and what, if any, instructions or advice they have received from such third parties, either directly or through others, with respect to their representation of Israilov. *See United States v. Kliti*, 156 F.3d 150, 153 (2d Cir. 1998) ("In fulfilling this initial obligation to inquire into the existence of a conflict of interest, the trial court may rely on counsel's representations." (citing *Levy*, 25 F.3d at

154)). Exhibit A also includes proposed questions for the Court to ask the defendant to determine whether he knowingly and intelligently waives that potential conflict.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:    _/s/_____
       Mathew Andrews
       Timothy Capozzi
       Ryan W. Allison
       Assistant United States Attorneys

cc:    Counsel of record (via ECF)
       *Enclosure*

<u>Exhibit A</u>

<u>The Government's Proposed *Curcio* Hearing Questions</u>

The Government respectfully requests the Court to include the following questions in its examination of Roman Israilov, the defendant, pursuant to the procedures outlined in *United States* v. *Curcio*, 680 F.2d 881 (2d Cir. 1982).  In addition, the Government respectfully requests that the Court address Mr. Israilov personally, seeks to elicit narrative answers from Mr. Israilov, and gives Mr. Israilov an opportunity to consider the Court's advice and review it with independent counsel prior to accepting a waiver.

<u>Questions to the Defense Attorneys</u>

1.  Mr. Mazurek, does your letter to the Court, dated October 17, 2023, state the complete list of individuals and entities other than Mr. Israilov who have paid your fees and the fees of Mr. Ser for working on this case?

2.  Are any of Mr. Israilov's co-defendants, including Alexander Gulkarov and Peter Khaimov, related by blood or by marriage to any of the individuals who paid any portion of your fees for this case, or to any individuals who own or control any entity that paid any portion of your fees for this case?

3.  Mr. Mazurek and Mr. Ser, do you have any attorney-client relationship with anyone who has paid, or promised to pay, you to represent Mr. Israilov?

4.  What, if any, instructions or directions have you received from any third-party payors of Mr. Israilov's legal fees, either directly or through others, with respect to your representation of Mr. Israilov?[1]

5.  Mr. Mazurek, have you discussed the potential conflict of interest with Mr. Israilov?

6.  [Mr. Ser, have you discussed the potential conflict of interest with Mr. Israilov?]

7.  Mr. Mazurek and Mr. Ser, do you feel that the defendant understands the possible risks of being represented by a lawyer with a potential conflict of interest?

<u>Introductory Questions</u>

8.  How old are you?

9.  How far did you go in school?

10. Do you currently consult a doctor or mental health professional for any condition?

---

[1] To the extent this question calls for new counsel to discuss communications subject to the attorney-client privilege, the Court could pose this question ex parte and in camera.

11. Are you currently under the influence of alcohol, drugs, medication, or pills of any kind?

12. Do you understand what is happening today?

13. Are you feeling well enough to proceed with this hearing today?

<u>Circumstances of Representation</u>

14. Are you currently represented by Henry Mazurek, Esq., and Jason Ser, Esq.? I'm going to refer to those lawyers as your "Current Counsel."

15. Are your Current Counsel retained or appointed?

16. Approximately how long has your Current Counsel represented you?

17. Do you wish to continue to be represented by your Current Counsel?

18. Have you personally paid your Current Counsel for <u>all</u> their services in this case?

19. Do you know if anyone else has paid your Current Counsel for their services in representing you?

20. Have you reviewed your Current Counsel's letter to the Court, dated October 17, 2023, regarding the individuals and entities other than you who have paid your Current Counsel's fees?

21. Has anyone other than the people/entities listed in your Current Counsel's letter to the Court, dated October 17, 2023, paid your Current Counsel's fees?

22. What is your understanding of the arrangement between you, your Current Counsel, and the individuals or entities that have paid your Current Counsel's fees?

23. Do you understand that in every criminal case, including this one, the defendant is entitled to be represented by an attorney whose loyalty to him is undivided, and who is not subject to any force or consideration that might in any way intrude upon the attorney's loyalty to his client's interests?

24. Is your choice to be represented by your Current Counsel a choice you have made freely and voluntarily, without any promises, threats, or inducements being made or offered to you?

25. Do you understand that whenever someone other than the defendant is paying lawyers who are representing that defendant, it is possible that whoever is paying may have interests different than the defendant's interests, and the lawyers' judgment may be influenced by

the wishes of whoever is paying their bills, or what the lawyers think are the wishes of whoever is paying their bills, rather than the wishes of the defendant?

26. For example, do you understand that it is possible that people who paid your Current Counsel's fees may have interests that are different than yours with respect to what motions you should file, what arguments you should make, and whether you should plead guilty or go to trial?

27. So it is possible, in this case, that your Current Counsel may have been, and may still be, influenced in the advice they give you and in the way they defend you by what they are told are the wishes of, or what they think are the wishes of, the people who are paying their bills. Those wishes may be different from yours. Do you understand that?

28. Do you understand that this situation—that is, having your Current Counsel paid by someone other than you—creates a risk to you that your lawyers may not be acting solely in your interests?

29. Do you understand that you have the right to object to continued representation by your Current Counsel based on the existence of a potential conflict of interest?

30. It is important that you understand that no one, including the Court, can predict with any certainty the course that this case will take from here, and that no one, including the Court, can foresee all the ways in which you may be disadvantaged by proceeding with your Current Counsel. Do you understand that?

31. Do you understand that it is the view of this Court that there are risks in proceeding with an attorney who has a potential conflict of interest of this kind?

32. Do you agree that if the Court permits you to proceed with your Current Counsel, in the event you are convicted or plead guilty, you will not be permitted to make any argument, on appeal or otherwise, based on the representation by your Current Counsel and the potential conflict we have discussed? Do you agree to waive, and give up, any argument of that kind?

<u>Discussions With Counsel Re: Potential Conflict</u>

33. Have you discussed these conflict-of-interest matters with Mr. Mazurek and Mr. Ser?

34. Are you satisfied with Mr. Mazurek and Mr. Ser's representation of you?

<u>Defendant's Narrative of Potential Conflict</u>

35. I want you to please describe for me, in your own words, your understanding of the conflict of interest that potentially arises from Mr. Mazurek and Mr. Ser's representation of you due to the fact that others have paid, or are paying, their legal fees?

36. Do you understand that this potential conflict of interest has existed since the time that any person other than you first agreed to pay Mr. Mazurek and Mr. Ser to represent you in this matter?

Opportunity to Seek Advice of Other Counsel

37. Do you understand that you have a right to consult with an independent lawyer other than Mr. Mazurek and Mr. Ser in order to discuss these issues and determine whether you wish Mr. Mazurek and Mr. Ser to continue to represent you?

38. Do you understand that the Court will give you an opportunity to do so and that the Court encourages you to do so?

39. Do you understand that if you cannot afford other counsel, the Court will appoint counsel to consult with you regarding these conflict-of-interest matters?  Such an attorney will not be connected with Mr. Mazurek or Mr. Ser.  Anything you tell that attorney will be a secret between you and the attorney.  The attorney cannot tell Mr. Mazurek or Mr. Ser, the Court, or the Government's attorneys about your discussions with him or her.  Do you understand that?

Final Questions before Consulting Independent Counsel

40. If you wish, Mr. Israilov, I will give you time to consult with another attorney about these conflict-of-interest matters.  You should think about the issues that I have told you about. You may also talk them over with Mr. Mazurek and Mr. Ser.  After you've thought it all over, I will ask you whether you have considered the matters I have talked about, whether you want Mr. Mazurek and Mr. Ser to continue to represent you, and whether you want to waive your right to counsel who is not laboring under any potential conflicts of interest.  I will also ask you whether you are willing to waive your rights to argue, on appeal or otherwise, that you were denied effective assistance of counsel because people and entities other than you paid Mr. Mazurek and Mr. Ser's legal fees.

41. Is there anything that the Court has said that you wish to have explained further?   Is anything unclear?

42. Would you like the opportunity to consult with another attorney?  [If so, adjourn for such opportunity, and continue with the questions immediately following, upon reconvening.]

Second Proceeding if Requested and/or Concluding Questions

43. Have you had enough time to consider the conflict-of-interest issues and discuss them with your attorney?  [If applicable: Have you had a sufficient opportunity to consult with an independent attorney about these matters?]

44. Do you wish to proceed with Mr. Mazurek and Mr. Ser as your attorneys in this case?

45. Are you knowingly and voluntarily waiving your right to conflict-free representation?

46. Have you received any inducements or promises with regard to your choice of counsel in this case?

47. Have you been threatened or coerced in any way concerning your decision on this issue?

48. Do you agree to waive any and all future arguments, on appeal or otherwise, that you were denied effective assistance of counsel or were otherwise prejudiced in any way because people and entities other than you paid Mr. Mazurek and Mr. Ser's legal fees?